F I L E D
United States Court of Appeals
Tenth Circuit

July 12, 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL INMAN,

       Petitioner-Appellant,

v.

RICK SOARES; KEN SALAZAR,

       Respondents-Appellees.

No. 04-1351
(District of Colorado)
(D.C. No. 01-M-998)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

       Paul Inman seeks a certificate of appealability ("COA") so he can appeal

the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. §

2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken

from a final order disposing of a § 2254 petition unless the petitioner first obtains

a COA). Inman was convicted in Colorado state court of assault, conspiracy to

commit assault, and possession of drug paraphernalia. On the first day of Inman's

trial, his counsel advised the court that he also represented a prosecution witness

in an unrelated case. Counsel had obtained waivers from both Inman and the

witness and filed a motion with the court seeking approval of the waivers. The district court accepted the waivers and permitted counsel to represent Inman.

After his convictions were affirmed on direct appeal, Inman sought post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. Inman argued, *inter alia*, that the trial court erred when it accepted his waiver of counsel's conflict because he was effectively forced to waive his constitutional right to conflict-free counsel in order to preserve his right to a speedy trial. *See Simmons v. United States*, 390 U.S. 377, 394 (1968). Inman's Rule 35(c) motion was denied. The Colorado Court of Appeals affirmed the denial, concluding that the record did not support Inman's contention that a waiver of his right to a speedy trial was inevitable unless he waived his right to conflict-free counsel.

Inman filed a *pro se* § 2254 petition in federal district court and the court appointed the Federal Public Defender to represent him. After the conflict issue was briefed, the district court denied the § 2254 petition, rejecting Inman's argument that the state court's determination was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). Specifically, the district court concluded that the state court's determinations that Inman's waiver was valid and that Inman

was not forced to surrender one constitutional right to assert another right[1] were supported by the record.

This court cannot grant Inman a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Inman has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Inman is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Inman's appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Inman is not entitled to a COA. The district court's resolution of Inman's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Inman has

---

[1]Inman's right to a speedy trial arose pursuant to state statute, not pursuant to the Constitution. *See* Colo. Rev. Stat. § 18-1-405.

not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Inman's request for a COA and **dismisses** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
    Deputy Clerk